IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LOIS MOLL, PATRICIA SUTTERER,
and SHIRLEY GORMAN, individually
and on behalf of all others similarly
situated,**

**Plaintiffs,**

**v.**

**HASBRO, INC., a foreign corporation,**

**Defendant.**                                            **No. 07-0271-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Now before the Court is Plaintiffs' motion to remand (Doc. 9). Defendant opposes the motion (Doc. 19). Based on the record, the applicable case law and the following, the Court grants the motion.

On April 13, 2007, Defendant Hasbro, Inc. ("Hasbro") removed this action from the St. Clair County, Illinois Circuit Court asserting federal subject matter jurisdiction on the basis of 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) (Doc. 2). This putative class action is based on Hasbro's conduct related to its advertisement, selling, and distribution in Illinois and throughout the United States of its Electronic Catch Phrase game as a fully

functioning game when allegedly each of the games suffered from the same common defect and Hasbro's failure to disclose the defects to consumers in Illinois and throughout the United States.

Plaintiffs have moved to remand arguing Hasbro's removal was improper because the Second Amended Complaint withdraws several causes of action, narrows another cause of action, narrows the proposed class definition and is based on the same conduct by Hasbro with regard to the same product. Hasbro responds that Plaintiffs' Second Amended Complaint asserts new claims based on the law of Rhode Island and added new parties which commenced a new, removable cause of action.

The original Complaint alleges consumer fraud; unjust enrichment; common law fraud; breach of implied warranty; breach of express warranty and breach of covenant of good faith dealing. Further, the original Complaint defined the proposed class as:

> All persons in the United States who purchased Hasbro, Inc.'s Electronic Catch Phrase game. Excluded from the Class are members of the Illinois judiciary, any jurors who are called upon to hear this matter, Plaintiff's counsel, and the officers, directors and employees of Defendant.

(First Amended Complaint, ¶ 23). The Second Amended Complaint filed on March 28, 2007, alleges consumer fraud; unjust enrichment; and breach of the covenant of good faith and fair dealing. Further, the Second Amended Complaint defines the proposed class as:

> All persons in the United States who, after March 2003, purchased the first edition of Hasbro, Inc.'s Catch Phrase game. Excluded from the Class are persons who only purchased Defendant's Electronic Cath Phrase (Second Edition), members of the Illinois Judiciary, any jurors who are called upon to hear this matter, Plaintiffs' counsel, and the officers, directors and employees of Defendant.

(First Amended Complaint, ¶20).

## II. Legal Standards

Removal of actions from state court to federal court is governed by 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States may have original jurisdiction, may be removed by defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." **28 U.S.C. § 1441(a)**. The defendant has the burden of establishing that an action is removable, and doubts concerning removal must be resolved in favor remand to the state court. *See **Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)**.

"The CAFA is not retroactive and therefore only applies to class actions which are 'commenced on or after the date of enactment' of the statute, February 18, 2005." ***Schillinger v. 360 Networks USA, Inc.*, Civil No. 06-0138-GPM, 2006 WL 1388876 at *2 (S.D. Ill. May 18, 2006)(quoting Pub.L. 109-2, § 9, 119 Stat. 4)**. It alters the traditional requirements for federal diversity jurisdiction in class actions. For applicable cases, CAFA gives district courts original jurisdiction over

a civil "class action..." with an amount in controversy in excess of $5,000,000. **28 U.S.C. § 1332(d)**. Therefore, class actions fitting the scope of CAFA are removable in accordance with 28 U.S.C. § 1446. *See* **28 U.S.C. § 1453(b)**.

A case "commences" for purposes of the CAFA when the plaintiff's complaint is filed in state court, not when it is removed. ***Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d at 806.** Routine amendments to the complaint relate back to the date of original filing and do not commence new suits. ***Schorsch v. Hewlett Packard Co.*, 417 F.3d 749, 751 (7th Cir. 2005)** (noting that under Illinois law, which applies here, an amendment to a complaint relates back when the original complaint "'furnished to the defendant all the information necessary . . . to prepare a defense to the claim subsequently asserted in the amended complaint'" **(citing *Boatmen's National Bank of Belleville v. Direct Lines, Inc.*, 656 N.E.2d 1101, 1107 (Ill. 1995));** *see also* ***Phillips v. Ford Motor Co.*, 435 F.3d 785 (7th Cir. 2006);** ***Schillinger v. Union Pacific R.R.*, 425 F.3d 330 (7th Cir. 2005)**. However, "an amended complaint kicks off a new action only if, under the procedural law of the state in which the suit was filed, it does not 'relate back' to the original complaint." ***Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006)(citations omitted)**.

Here, Hasbro contends that under CAFA, the Second Amended Complaint, created a new case with new claims, under a different state law (Rhode Island) with brand new plaintiffs seeking to represent a putative class. Plaintiffs

argue that CAFA does not apply because the claims contained in the Second Amended Complaint relate back to the original complaint. Based on the following, the Court finds that the claims contained in the Second Amended Complaint relate back to the original Complaint.

As Plaintiffs' original class action Complaint in this case was filed on June 27, 2004, before CAFA's enactment date of February 18, 2005, it is considered "pre-CAFA" and therefore, not within the ambit of CAFA's grant of original jurisdiction. Yet, as stated earlier, Plaintiffs filed their Second Amended Complaint on March 28, 2007, *after* the enactment date. Therefore, the specific issue the Court must address is whether the Second Amended Complaint relates back to the original complaint or is considered "commencing" a new action in order to trigger the applicability of CAFA.

"The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." **Santamarina, 466 F.3d at 573 (citations omitted)**. Under Illinois law, as under federal law, an amendment "relates back" when it arises out of "the same transaction or occurrence set up in the original pleading." **735 ILCS 5/2-616(b);** *Chandler v. Illinois Central R.R.*, **207 Ill.2d 331, 346 (Ill. 2003);** *see* **Fed.R.Civ.P. 15(c);** *Schorsch*, **417 F.3d at 751;** *Delgado-Brunet v. Clark*, **93 F.3d 339, 343 (7th Cir. 1996)**. Illinois courts have

also found that "an amendment relates back ... when the original complaint 'furnished to the defendant all the information necessary ... to prepare a defense to the claim subsequently asserted in the amended complaint.'" ***Boatmen's*, 656 N.E.2d at 1107; *Pierce v. Joe Keim Builders, Inc.*, 653 N.E.2d 928, 931 (Ill. App. 1995)(citations omitted)("Thus, an amended complaint relates back only when the original complaint supplies defendant with all of the information necessary to prepare the defense to the claim asserted in the amended pleading.")**. The focus is not on the nature of the cause of action pled but on the identity of the transaction, *i.e.*, "... if the defendant has been made aware of the occurrence or transaction which is the basis for the claim, he will be able to defend against the plaintiff's claim, whatever theory it may be predicated upon." ***Pierce*, 653 N.E.2d at 931 (citations omitted)**.  Further, substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ("routine") feature of a class action litigation in both federal courts and in the Illinois courts." *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006).

Here, Plaintiffs' amendments adding named plaintiffs/class representatives and withdrawing claims does not appear, at this stage, to substantively alter the class definition or to broaden Hasbro's scope of liability. Instead, it appears that the amendments relate back to the same transaction or series of occurrences as stated in Plaintiff's original Complaint.  The lawsuit has the

same allegations against the same defendant based on the same product and asserts no new causes of action. Plaintiff's original Complaint clearly alleged multiple states' (including Rhode Island's) consumer fraud act violations.[1] Therefore, new claims were not stated and unnamed parties were merely added as named parties, which is a routine amendment. The issue in Plaintiffs' action remains the same: Hasbro's allegedly defective Electronic Catch Phrase game. Following the Seventh Circuit's ruling in ***Phillips***, Plaintiffs' amendment of the named plaintiffs/class representatives and withdrawing causes of action does not constitute "commencement" of a new action for purposes of triggering CAFA removal. Hasbro had all the information necessary to defend itself and thus the Second Amended Complaint relates back. The Second Amended Complaint represents a normal narrowing of issues in preparation for certification and trial. Therefore, this case must be remanded for lack of federal jurisdiction.

### III. Conclusion

Because the Court lacks jurisdiction of Plaintiffs' claims, the Court **GRANTS** Plaintiffs' motion to remand (Doc. 9). However, the Court **DENIES** Plaintiff's motion for costs. The Court **REMANDS** this case to St. Clair County,

---

[1] The Court notes that Plaintiff's original Complaint alleged under the Consumer Fraud count: At all times relevant hereto, there was in full force and effect the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. and substantially similar state consumer fraud protection statutes (collectively, "Consumer Fraud Acts"), which protect consumers against unfair and/or deceptive practices. Defendant's conduct, as set forth herein, constitutes violations of these unfair and deceptive practice acts, implicates a consumer protection concerns, and results in substantial injury to consumers. (First Amended Complaint, ¶ ¶ 37, 43). Further, Hasbro's notice of removal states "Although in the First Amended Complaint Plaintiffs seemingly sought recovery under the laws of the various 50 states…" (Doc. 2, ¶ 6).

Illinois Circuit Court.  Further, the Court **DENIES as moot** Defendant's motion to dismiss (Doc. 4) and Plaintiffs' motion for oral argument (Doc. 21).

    **IT IS SO ORDERED.**

Signed this 2nd day of August, 2007.

                                             /s/          David   RHerndon
                                           **United States District Judge**